```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF ARIZONA
```

|   |   |
|---|---|
| In re: | ) |
|   | ) |
| GOSNELL DEVELOPMENT CORPORATION   CH: 11 ) 2:97-bk-10778-CGC | |
| OF ARIZONA | ) |
|   | ) |
| GOSNELL DEVELOPMENT CORP. OF ARIZONA   ) ADV: 2-97-00801 | |
| vs HALL FAMILY PROPERTIES, LTD. | ) |
| SETTLEMENT CONFERENCE | ) |
|   | ) |

```
                              U.S. Bankruptcy Court
                              230 North First Avenue, Suite 101
                              Phoenix, Arizona 85003-1706

                              February 6, 2004
                              10:05 a.m.

         BEFORE THE HONORABLE EILEEN W. HOLLOWELL, Judge
```

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Michael W. Carmel |
| | Michael W. Carmel, LTD. |
| | 80 East Columbus Avenue |
| | Phoenix, Arizona 85012 |
| | |
| For Hall Family | Arthur E. Romley |
| Properties, LTD: | Arthur E. Romley |
| | 4647 North 32nd Street #B290 |
| | Phoenix, Arizona 85018-3345 |

Also Present:          Shirley Hall Keltner

                                and

                       Sam Tiffany -Riley Carlock

Proceedings recorded by electronic sound technician, Sheri Fletcher; transcript produced by Voice Writers of America.

1          THE CLERK:  In the case 97-10778, Gosnell Development
2  Corporation of Arizona, Adversary 97-801.
3          THE COURT:  Appearances, please.
4          MR. CARMEL:  Good morning, Judge Hollowell, Michael
5  Carmel for the debtor, Gosnell Development Corporation of
6  Arizona, and Mr. Gosnell is present as well as Sam Tiffany from
7  the Riley Carlock firm.
8          THE COURT:  Okay.
9          MR. ROMLEY:  Good morning, Your Honor, Arthur Romley
10 representing Hall Family Properties and myself and my wife.
11 Also with me is Shirley Hall Keltner from Eureka, California.
12         THE COURT:  Okay.  Thank you.
13         This is a settlement conference.  I'm acting as the
14 settlement judge.  First of all, I want to thank everybody for
15 coming.  I appreciate the fact that given the history in this
16 case that the parties are willing to appear and talk about
17 settlement, that's what we're going to try to do today.
18         Unlike a lot of the settlement conferences I -- I
19 conduct, this one that has a time line.  Mr. Carmel has to
20 leave by 2:30 and I have a hearing and another case at 3:00.
21 So we are going to have to work hard and -- and I'm going to be
22 working the parties as hard as I can to see if we can't make
23 some progress.
24         A couple of just my basic rules are as follows:  No
25 one walks out of the settlement conference without at least

telling me.  You may get upset, you may not like what's happening but you have to at least tell me.  No one gets to just storm out the door and I understand that there's probably some heat in this case or maybe there's just fatigue, but in any event, you have to let me know.

Secondly, because of the history in this case, because of the extensive briefings, there will be no presentations by each side because everybody knows -- each side knows where the other side stands, each side is pretty entrenched in their position, I don't find that that would be helpful at this time.  So instead of having joint sessions, we'll start out with separate sessions.

Third, should we be so fortunate as to actually get somewhere today, the settlement -- the fact that a settlement has been reached will be put on the record.  Given the complexity and length of this case I would be naïve to think that every detail will be covered but the actual drafting of the settlement documents and anything involved with those settlement documents, if there's a problem, if there's some disconnect, it has to come back to me.  In other words, once it's done, it's done; it comes back to me for any drafting problems.  You don't want to go through this exercise, spend the time and money to have your lawyers here and then say, well, you know, we're gonna -- next thing we know we're gonna be calling the judge as a witness to see what happened at the

settlement conference.  So the drafting -- any drafting issues, if they can't be resolved they come back to me and I resolve them.  And if you're not willing to stay on that basis then there's no reason to stay.

Other than that, I just, again, want to emphasize that this -- unlike all the other stuff that everyone in this room has been through, what happens here today really depends on you guys.  It doesn't depend on me and it really doesn't depend on your lawyers; it depends on you.  Every place else, someone else is gonna make the decision.  Today both sides have an opportunity to see if they can find a way to -- to reach an agreement on a decision that you make mutually.  It's the only time in liti -- in litigation postures where the parties have the power to control the outcome.  The rest of the time it's either going to be a jury, or a judge, or someone you don't know and so I would really encourage everybody to keep an open mind, notwithstanding how many years you guys have been battling and see if we can make some progress today.

I'm going to excuse the staff.  I'm going to ask Mr. Romley and his client to go out to one of the attorney conference rooms, I'll be there in about 10 minutes.  I'm going to start very briefly with Mr. Carmel and his client.  Okay?

MR. ROMELY:  Thank you, Your Honor.

MR. CARMEL:  Thank you, Judge.

///

```
 1      (Whereupon, staff was excused at 10:10 a.m. and the proceeding
 2                    resumed at 12:50 p.m.)
 3             THE CLERK:  In the case 97-10778, Gosnell Development
 4   Corporation of Arizona, Adversary 97-801.
 5             MR. CARMEL:  Good afternoon, Your Honor, Michael
 6   Carmel on behalf of the debtor and Mr. Gosnell is present as is
 7   Sam Tiffany.
 8             MR. ROMLEY:  Arthur Romley representing Hall Family
 9   Properties, my wife and myself.  Also present is Shirley Hall
10   Keltner.
11             THE COURT:  Okay.  Mr. Carmel, would you put what has
12   been agreed to on the record and that Mr. Romley may interject
13   if he feels it isn't accurate.
14             MR. CARMEL:  Yes, Your Honor.  And we all certainly
15   appreciate your efforts in getting us to where we are today.
16   What the parties have agreed to is that -- is the following:
17   First, Mr. Romley and I will prepare a stipulated order for
18   Judge Baum's signature with respect to the Economic Loss
19   Rule ruling that he issued a long time ago that will contain
20   Rule 54(b) language.  That will enable us to pursue appeals.
21   That parties have agreed, further, that they will exhaust all
22   of their remedies in the appellate courts, whether that's at
23   the first level of the bankruptcy appellate panel or the
24   district court, remains to be seen, and then onto the Ninth
25   Circuit.
```

1           Third, if at the end of the parties exhausting their
2  appeals, my client ultimately prevails on the Economic Loss
3  Rule.  All claims between the parties will be dismissed with
4  prejudice.  When I say all claims that includes, but is not
5  limited to, no dissolution of the partnership resulting in a
6  call for capital, a withdrawal of the Hall Family Properties
7  proof of claim and any other claims which may exist out there.
8           However, if at the end of the appellate process my
9  side, my client, has a lost on the Economic Loss Rule issue,
10 all of the claims and positions of each of the parties will be
11 preserved as they exist today.
12          THE COURT:  And during the pendency of the appeal the
13 litigation and the adversary will be put on hold.  You'll --
14 you'll seek a motion in front of Judge Baum to put it on
15 inactive status --
16          MR. CARMEL:  Correct.
17          THE COURT:  -- until the appeals are exhausted.
18          MR. CARMEL:  Correct.
19          THE COURT:  I think -- is there anything else,
20 Mr. Romley you can think of?
21          MR. CARMEL:  I -- I do want to -- okay, yeah.
22          MR. ROMLEY:  I believe Mr. Carmel has correctly
23 recited the substance of our agreements and the one thing I --
24 I guess we didn't discuss, but I'm sure is implicit, is that
25 the main bankruptcy proceedings will continue on in whatever --

1     THE COURT: Right. The administrative case goes
2 forward.
3     MR. ROMLEY: Yes. So I am in agreement with what
4 Mr. Carmel said.
5     MR. CARMEL: And -- and Your Honor, Mr. Gosnell --
6 and I know the Court though, intends to ask each of the sides
7 if they agree to this and so that at that point will then be
8 binding and we will need a statement from Ms. Hall that she has
9 all the requisite authority to -- to make this on behalf of the
10 Hall Family --
11     MS. HALL: I do.
12     MR. CARMEL: -- Partner side, so but we'll need --
13     MS. HALL: I don't know what more you need but I do.
14     MR. CARMEL: Okay.
15     THE COURT: Okay. That's a statement on the record.
16 I'm going to ask each of the parties, Ms. Hall, if you'd step
17 forward to the podium. As the general partner of the Hall
18 Family Partnership you have heard the recital of what the
19 agreement is with respect to the adversary and do you consent
20 to these terms?
21     MS. HALL: I do.
22     THE COURT: Okay. Mr. Gosnell, as the representative
23 of the debtor in this case, you've heard the recital of the
24 agreement. Do you agree?
25     MR. GOSNELL: I agree.

1  THE COURT: All right. Thank you very much.
2  MR. CARMEL: Judge, also since Mr. Romley is here not
3  only on behalf of Hall Family, he's --
4  THE COURT: Mr. Romley, if you would also make the
5  avow that you agree as to your -- as to your interest.
6  MR. ROMLEY: I also agree individually for myself and
7  for my wife.
8  THE COURT: All right. Okay. That being said,
9  Mr. Carmel, I would like you to draft the stipulation -- we
10 need to memorialize the settlement agreement and then send it
11 to Judge Baum for his approval so he understands why you're
12 going to be there with the 54(b) language. If there is any
13 problem, it's a very simple settlement, I don't anticipate any
14 problem. The lawyers have been very professional but if there
15 is any problem just notify my chambers and I'll set a quick
16 hearing. Otherwise, somebody needs to notify Judge Baum's
17 chambers immediately that he can take the trial off so he
18 doesn't use that time up.
19 MR. CARMEL: Your Honor, the way that it's in front
20 of pending, in front of Judge Baum right now, is that no trial
21 has been set.
22 THE COURT: Okay.
23 MR. CARMEL: But there is a pretrial conference
24 that's scheduled on February 17th at 9 o'clock and we'll report
25 to him then and probably at that time we'll give him the order

```
 1  so --
 2            THE COURT:  Okay.  That sounds great.  If you need
 3  anything from me let me know.  I know this has not been easy
 4  for the principals, Ms. Hall and Mr. Gosnell.  I know you
 5  haven't felt well.  I want to thank you for sticking with it.
 6  Hopefully this will help the process along.  Okay?
 7            MR. DOSNELL:  Thank you.
 8            MR. CARMEL:  Thank you, Judge.
 9            MS. HALL:  Thank you very much.
10            MR. ROMLEY:  Your Honor, just on behalf of my clients
11  and myself I want to, again, express our appreciation for your
12  efforts just as Mr. Carmel did.
13            THE COURT:  Glad to do it.  I think, you know, people
14  don't show up unless they're trying to find a way to get
15  something done so we didn't get it all done, but you got
16  something done and that's always -- that's always good.  Okay,
17  good luck.  Have a good weekend Mike.
18        (Whereupon, the proceeding concluded at 12:56 p.m.)
19
20
21
22
23
24
25
```

I, Lydia Miller, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____      _____
Signature of Approved Transcriber      Date