# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| IN THE MATTER OF ) | | |
| ) | | |
| Gosnell Development Corporation of Arizona ) | **JUDGMENT IN A CIVIL CASE** | |
| ) | | |
| Debtor ) | CIV 04-0998-PHX-RGS | |
| ) | | |
| ) | | |
| Hall Family Properties, Ltd ) | BK-97-10778-PHX-CGC | |
| ) | ADV No. 97-0801 | |
| Appellant, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| Gosnell Development Corporation of Arizona ) | | |
| ) | | |
| Appellee ) | | |
| ) | | |

____ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_XX_ **Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

    IT IS ORDERED AND ADJUDGED that Pursuant to the Court's Order of August 3, 2007, granting an award for Attorney Fees, Judgment is hereby entered for Appellee and against Appellant. The Appellee is awarded attorneys' fees in the amount of $39,251.32 and an award for non-taxable costs and expenses in the sum of $2,319.72

| | |
|---|---|
| _August 3, 2007_ | RICHARD H. WEARE |
| Date | District Court Executive/Clerk |
| | |
| | _s/E.Leon_ |
| | Deputy Clerk |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF<br><br>Gosnell Development Corporation of Arizona,<br>              Debtor.<br>_____<br>Hall Family Properties, Ltd.,<br>              Appellant,<br>vs.<br>Gosnell Development Corporation of Arizona,<br>              Appellee.<br>_____ | No. CV-04-998-PHX-RGS<br><br>BK-97-10778-PHX-CGC<br><br>ADV No. 97-0801<br><br>**ORDER** |

## BACKGROUND

On August 8, 1997, GDC initiated Chapter 11 proceedings in the United States Bankruptcy Court for the District of Arizona. On December 22, 1997, HFP filed its Proof of Claim, contending that GDC owed $5,867,433.58, exclusive of punitive damages and interest, for GDC's alleged breaches of contract and fiduciary duties. After two rounds of briefing and two oral argument hearings, the Bankruptcy Court held that GDC was entitled to summary judgment on HFP's fiduciary claim under the economic loss rule. Citing *Nautica Int'l, Inc. v. Intermarine, U.S.A., L.P.*, 5 F. Supp. 2d 1333 (S.D. Fla. 1998), and

*Pegasus Motion Control LLCI v. The Heil Co., Inc.*, CIV 96-2851 PHX-RGS (JWS) (D. Ariz. 1999), the Bankruptcy Court held as follows:

> Here the breach of fiduciary duty claim relates to and arises in connection with a contract, the partnership agreement. HFP has allegedly suffered only pecuniary injury (i.e., no property damages or personal injury). The venture, in which these warring parties were involved, was the construction and development of a commercial office building for profit. Given these facts, (commercial project, contractual relationship, only pecuniary loss claimed), this court concludes that the economic loss rule precludes the breach of fiduciary duty claim asserted by HFP.

The Bankruptcy Court then granted GDC's motion for partial summary judgment on HFP's breach of fiduciary claim. HFP appealed from this ruling. Because HFP's breach of fiduciary claim arises out of the same set of facts as its breach of contract claim, and because HFP has suffered only pecuniary loss, this Court concluded that HFP's breach of fiduciary claim is barred by both Arizona's and Florida's economic loss rules and, accordingly, affirmed the order of the Bankruptcy Court. It is counsels' work on this appeal that forms the basis for their claim for attorney fees and costs.

## **ELIGIBILITY FOR ATTORNEY FEES**

The Court granted GDC's request for attorney fees in an amount to be determined in accordance with applicable rules of the district court and state law relating to contract actions, Arizona Revised Statutes ("A.R.S.") §§ 12-341 and 12-341.01. Accordingly the Court finds that GDC is eligible for an award of attorney fees under the applicable law.

## **ENTITLEMENT TO ATTORNEY FEES**

In *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), the Arizona Supreme Court set forth six standards to aid in the determination of whether attorney fees should be awarded under the statute once eligibility has been established. They are as follows:

> (1) whether the unsuccessful party's claim or defense was meritorious;
>
> (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;

(3) whether assessing fees against the unsuccessful party would cause an extreme hardship;

(4) whether the successful party prevailed with respect to all of the relief sought;

(5) whether the legal question presented was novel and whether such claim or defense has previously been adjudicated in this jurisdiction; and

(6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney fees.

*Id.* at 570, 694 P.2d at 1184.

The Court has determined that GDC is entitled to an award of attorney fees with respect to this appeal.

## **DETERMINATION OF THE FEE**

It remains for the district court to determine what fee is "reasonable." *Hensley v. Eckerhart*, 103 S. Ct. 1933, 1939 (1983). Factors to be considered in determining a reasonable fee award are set forth in *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (Ariz. App. 1983). The procedure for the district court to follow in setting an award of attorney fees is set forth as follows in *Hensley*:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.' *Copeland v.*

> *Marshall*, 205 U.S. App. D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).
>
> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the `results obtained'.

103 S. Ct. at 1939-40.

The Court has considered GDC's application for attorney fees, HFP's response, GDC's reply and the submitted affidavits of Charles A. Blanchard and Sam S. Tiffany.

The statements of hours submitted set forth, in detail, the number of hours expended in this litigation by each person and the normal billing rates for persons who have performed services in this action.

The application also sets forth the fee arrangements that were made with GDC.

In this application the Court will treat paralegal time in the same manner as attorney time. *In Re Cement and Concrete Antitrust Litigation*, 1980-81 (CCH) Trade Cases P 63,798 (D. Ariz. 1980); *In Re Arizona Escrow Fee Antitrust Litigation*, 1982-83 (CCH) Trade Cases P 65,198 (D. Ariz. 1982).

The Court in this case is guided by the holding in *Moore v. Jas H. Matthews & Co.*, 682 F.2d 830 (9th Cir. 1982), to a blended use of the lodestar analysis and the factors set forth by the Arizona Court of Appeals in *Schweiger*, 673 P.2d at 931.

**CONSIDERATION OF SCHWEIGER FACTORS**

1. The Qualities of the Advocate

Counsel for GDC are experienced attorneys who presented the case in a highly professional manner in all respects.

2. The Character of the Work to be Done

The legal issues presented to counsel in the defense of this appeal were somewhat unusual and did require active defense of the appeal at all stages.

/ / /

/ / /

|   |   |
|---|---|
| 1 | 3.  <u>Work Actually Performed by the Lawyers</u> |
| 2 | The time records submitted by counsel of record are clear; however, in some |
| 3 | instances, they lack sufficient detail in setting forth the nature of the services performed.  In |
| 4 | addition, the case was overstaffed at times, and an adjustment in the application has been |
| 5 | made to compensate for these factors.   The Court has considered as proper the "hourly rate" |
| 6 | components of GDC's  application for fees. |
| 7 | 4.  <u>Result</u> |
| 8 | GDC prevailed with respect to this appeal. |
| 9 | **AWARD OF ATTORNEY FEES** |
| 10 | The Court has considered the application of GDC's counsel of record, the supporting |
| 11 | affidavits, and the memoranda of the attorneys.  Further, consideration has been given to the |
| 12 | litigants respective legal positions, and to the extent possible, the financial impact that this |
| 13 | fee award will have on the parties.  Finally the Court is mindful that the purpose of the statute |
| 14 | is "to mitigate the burden of the expense of litigation to establish a just claim or a just |
| 15 | defense." The award "need not equal or relate to the attorney fees actually paid or contracted |
| 16 | . . . ."  A.R.S. §12-341.01(B).   The statute requires that the attorney fees awarded be |
| 17 | "reasonable," leaving the amount to the discretion of the court. |
| 18 | In view of the foregoing, the Court now finds and concludes that the sum of |
| 19 | $39,251.32 is a reasonable amount to be allowed toward payment of fees for GDC's |
| 20 | attorneys of record herein. |
| 21 | **COSTS** |
| 22 | In accordance with the application of counsel for GDC, the Court finds that the sum |
| 23 | of $2,319.72 is a reasonable amount to be allowed to said party for its non-taxable costs and |
| 24 | expenses. |
| 25 | **CONCLUSION** |
| 26 | In accordance with the foregoing analysis, findings and conclusions of the Court, |
| 27 | **IT IS ORDERED** that GDC be granted an award of attorney fees for the defense of |
| 28 | this  appeal in the sum of  $39,251.32. |

1     **IT IS FURTHER ORDERED** that GDC be granted an award for non-taxable costs
2 and expenses in the sum of $2,319.72.
3     **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in
4 accordance with this Order.
5     DATED this 2nd day of August, 2007.

_____
Roger G. Strand
Senior United States District Judge